**ROBNET et, Plaintiffs-Appellants, v. MILLER et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5649.    Decided August 16, 1957.

Robert Dow Hamilton, John J. Duffey, Columbus, for plaintiffs-appellants.

Henry A. Reinhard, Richard C. Addison, Columbus, for defendants-appellees.

## OPINION

By BRYANT, J.

Plaintiffs-appellants herein referred to as plaintiffs have appealed on questions of law from a judgment of Judge Robert E. Leach of the Common Pleas Court of Franklin County dissolving a temporary restraining order.

An objection was made by the Columbus Discount and Loan Corporation, herein called the Discount Company, that an appeal could not be made with respect to an order dissolving the temporary restraining order. By a decision dated July 2, 1957, this court, all three members thereof concurring, overruled this objection and held that, under the circumstances here, such an appeal could be maintained.

Plaintiffs make three assignments of error as follows: (1) That Judge Leach erred in holding that this action brought by plaintiffs cannot be maintained as a class suit; (2) That said court erred in ruling that plaintiffs are not entitled to the relief demanded in their petition and (3) That said court erred in sustaining the motion to dissolve the temporary restraining order.

A brief reference to the allegations of the petition and the steps heretofore taken will be made. There are eight defendants including three corporations and five natural persons. In addition to the Discount Company, referred to above, the two other corporate defendants are the Food Fair Budget Plan, Inc., herein called "Food Fair" and the National Cooperative Food Service, Inc., herein called "Food Service."

It is alleged in the petition, in substance, that two of the corporate defendants, namely, Food Fair and Food Service, together with the five persons named as defendants, devised and carried out a scheme whereby plaintiffs were defrauded and misled. The Discount Company, which apparently has purchased a sizable number of notes, is charged with none of the fraudulent scheme or fraudulent acts but is alleged to have had knowledge thereof.

It was alleged the plan went about like this: That the five individual defendants, as salesmen, officers or agents of Food Fair or Food Service, or both, told plaintiffs that Food Fair or Food Service would supply "the normal requirements of foods to Plaintiffs at one-half the regular retail price thereof, for a period of two years and thereafter; if Plaintiffs would sign certain notes and contracts for the purchase of a food freezer to store said foods." (Petition, bottom page 1 and top page 2.) Plaintiffs said such representations were false and known by defendants to be false and were made to induce plaintiffs to sign contracts and notes for the purchase of freezers "at prices greatly in excess of their regular retail price." (Petition, page 2.) Plaintiffs allege that food was supplied for a time at one-half price but that "as soon as their malicious, wanton, and fraudulent purpose was accomplished: and they had signed up other acquaintances of Plaintiffs in said scheme, and they had assigned the notes to Defendant, The Columbus Discount & Loan Corporation; the aforesaid Defendants then ceased supplying said food and thereafter refused to further supply said food at said one-half price." (Petition, page 2.)

The petition then alleges the demands were made that the contracts be rescinded, that cognovit notes be returned to them and the money which they had paid be refunded but that such demands were refused.

The petition was filed November 27, 1956 and at that time had ten parties plaintiff, all of whom swore positively as to the truth of the

allegations contained in the petition. Plaintiffs at the time of filing the petition applied to Judge Ralph J. Bartlett of the court below for a temporary restraining order and such order was issued. By this restraining order the three defendant corporations were restrained; (1) From taking cognovit judgments upon notes for the purchase of food freezers; (2) From enforcing collection of said notes or contracts in connection therewith and (3) From assigning, transferring or disposing of said notes while the litigation is pending. Bond was set at $100.

On November 30, 1956 the Discount Company filed a motion to dissolve this restraining order upon four grounds as follows: (1) Said order was granted without notice; (2) It was contrary to law; (3) It is prejudicial to the rights of this defendant and (4) Statements in the petition against the Discount Company are not true.

This motion to dissolve came on for hearing before Judge Bartlett and was overruled by him on December 6, 1956. The bond, however, was increased to $1,000. On December 12, 1956 the names of additional parties plaintiff were added to the petition and supplementary allegations also were added. On December 13, 1956 a demurrer was filed by three of the defendants namely, Food Fair, Food Service and Roland Ross, who may possibly be the Ronald Ross named as party defendant in the petition and referred to as President of both Food Fair and Food Service in the return of service made by the Sheriff.

This demurrer was upon the ground that the facts stated in the petition "show that a class suit is not authorized or maintainable against these defendants."

On January 3, 1957 the Discount Company filed its answer alleging it is engaged in the business of purchasing commercial paper, namely, notes and mortgages from dealers. It set up eight defenses, one of them alleging a misjoinder of parties plaintiff and another setting forth a general denial. On January 15, 1957 Judge Marshall announced his decision on the demurrer, deciding that the parties plaintiff fall into two different classes. Referring to his decision on page four there appears the following language:

"In one class, described as 'in many cases,' certain plaintiffs were told that if they made purchases of frozen food for two years, the defendants would give freezers to such plaintiffs, without cost, but in making such representations the defendants had no intention to make gifts of the freezers and knew this when the representations were made.

"Another group or class of plaintiffs, described as 'in other cases,' allege they were induced to sign what was represented to be 'a protective device,' when, in fact, what was offered for signature and which was in fact signed, were blank contracts and cognovit notes.

"Here on the face of the petition is disclosed two entirely different classes of plaintiffs, with different kinds of representations described for each group. They may be considered somewhat similar types of fraud, but they certainly are not the same or identical fraud practiced by defendants on all 62 plaintiffs in this case."

Judge Marshall concluded his decision by stating, "We do not say that a proper class action cannot be drawn in an equity case, seeking

the equitable remedy of rescission and cancellation of instruments, which would withstand a demurrer, but we do not believe the present petition, as amended, can withstand the demurrer filed by the defendants. Plaintiffs may file one or more amended petitions in accordance with this ruling."

In accordance with this decision Judge Marshall signed and there was filed a journal entry on January 25, 1957 and on the same day plaintiffs filed an amended petition which they contend is a full and complete compliance with the order made by Judge Marshall. They have made the representations referred to in the Marshall decision applicable to all of the plaintiffs contending that this makes one class only.

On February 1, 1957 the Discount Company filed a motion to dissolve containing three of the four grounds set forth by this same defendant in its previous motion to dissolve filed on November 30, 1956.

However, there was added a fourth ground namely, that a demurrer to the petition had been sustained. This later motion came before Judge Leach for decision and as heretofore stated his decision to dissolve the restraining order forms the basis for the appeal on questions of law now before this court. We are not unmindful of the fact that the main portion of the lawsuit has at all times remained in the lower court. It is, of course, desirable and in most cases absolutely necessary to have the ruling of the lower court on each and every question before passing upon it upon appeal. We feel that the order made by Judge Leach as disclosed by the journal entry on March 1, 1957 was erroneous and should be vacated and set aside. The very question before the lower court on the second motion to dismiss had been passed upon almost two months earlier by another member of the lower court.

We have examined the Bill of Exceptions. We do not believe the Discount Company has sustained the burden which the law places upon it. The burden was on the Discount Company to show that it was entitled to the order sought. This it failed to do. Only a single witness testified. He was Robert H. Hanback, Manager of the Discount Company. The court at pages 37-38 limited his testimony to the so-called basic question of what amount of bond would be required. He furnished the court with statistical information having to do with the accounts and negotiable papers held by the Discount Company.

But even if the burden had been maintained by the Discount Company there is another defect in the order namely, that only one defendant asked for a dissolution of the restraining order which then applied also to the other seven defendants. The language of the motion says the allegations of the petition as to this particular defendant are not true. According to the petition this defendant is the least culpable of any of the defendants. The petition merely says the Discount Company took the notes with knowledge of defects in them. The motion does not say that the allegations are untrue as to the other seven defendants, yet the court by its order lifted its injunction as to all eight defendants. The journal entry of March 1, 1957 incorporates into the court's record the decision previously given, appears also to run contra to the order and decision previously made by Judge Mar-

shall when it states that "from the petition and evidence that the plaintiffs are not entitled to the relief demanded, and that this action is not maintainable as a class suit." The previous decision and entry by Judge Marshall merely had found there were two classes improperly joined and had given plaintiffs permission to amend, which they had attempted to do. As before stated the evidence we were able to find in the record is insufficient to sustain the burden and appears to be limited to the question of the amount of the bond.

The opinions of the court below have been examined with care in an effort to find what distinction or difference, if any, was made with reference to questions arising out of §2307.18 R. C., relating to joinder of plaintiffs, and §2307.21 R. C., relative to bringing class actions. One frailty suggested namely, that some of the members of the class may want to keep their home freezers, is interesting. The class was described as including persons who were tricked, deceived and misled into believing they were getting a freezer without charge if they would buy frozen food at one-half price and it is difficult to imagine one of this class electing to pay out his contract to the last penny. Even if one such person were found, if a so-called unnamed plaintiff could assert such a claim, no such claim could be advanced or maintained by those whose names appear at the head of the petition.

One more point is worthy of mention. The Discount Company had on January 3, 1957 filed its answer containing among other things the defense of the so-called misjoinder. The propriety of raising by way of motion the substantially similar question set forth in an answer filed nearly a month previously is open to some question.

In conclusion, the entry of March 1, 1957 appears to have set aside, without adequate evidence, decisions previously made by two Judges of the same court. There may be circumstances when such action is permissible. However, the result may be confusing to litigants.

As far as we know it is not uncommon in case of courts of first instance composed of more than one judge, where each judge has the full power alone to sit and determine cases and questions for the rule to be adhered to that when a matter in regular course comes before one of them and is decided, it will not be reversed by another member of that court, in the absence of a showing of new facts or circumstances of a material nature. Such a practice would seem to be sound procedure.

For the reasons set forth above the order appealed from is reversed and the cause remanded to the court below for further proceedings in accordance with law. This will permit the issues to be determined in the trial courts on the merits.

PETREE, PJ, MILLER, J, concur.